Everyone, we have six arguments on today's calendar. We'll begin with Appeal No. 21-3115, the United States v. Albert Rossini. Mr. Butler, good morning. Good morning. Essentially, this is a case that really never should have been filed. One of the first tenets, I guess, in medicine is to do no harm. In this situation, Mr. Rossini was given, I would say, an extraordinary sentence, in that he was facing a guideline sentence of 210 to 262 months, which converts to 17.5 years to 21.8 years. Judge Lee gave him a departure to 132 months, which basically meant he was given a ten-year reduction in his sentence. Now, Mr. Rossini has had, I believe, approximately nine lawyers who preceded my involvement in this case. And one of the lawyers, all of his lawyers were extremely competent and extremely professionally experienced. Who preceded me on this case was Professor Richard Klingman. Mr. Rossini didn't listen to any of his prior lawyers. He hasn't listened to me. And I believe that, in fact, if this sentence is disturbed, Mr. Rossini is going to essentially be worse off than he presently is now. Because given the fact that he testified in sentencing against my advice and Judge Lee did, in fact, find him not to be credible, he also has scheduled on July 21st, I believe, of this year, a couple of months before Judge Starb, a trial pending that would impact some of the issues involving this case. Mr. Butt, go ahead. Let me just suggest that just do the best you can to advocate for him. He's still entitled under the Sixth Amendment to the effective assistance of counsel in the appeal. You've been dealt a hand. You've been dealt. But just make the best arguments you can. You don't have to apologize for anything or try to walk anything back, but go right ahead. My essential argument is that although Judge Lee did give him a 10-year reduction, I believe given the extraordinary circumstances that Mr. Rossini does have, in fact, his age— Mr. Butler, if I could jump in there, please. You're asking us to find a substantially below-the-guideline sentence substantively unreasonable. This Court has never found a below-guideline sentence substantively unreasonable. What is it about this case that should make us reach that conclusion for the first time ever, especially given how far below the low end of the guidelines Judge Lee sentenced him? Well, one of the things that I believe that's unique in this situation is the combination of factors affecting Mr. Rossini. Number one, his wife has breast cancer. Number two, his age. He has a number of medical conditions. He has heart conditions. He has some diabetes. His wife has diabetes. At the time, he was caring for a 93-year-old mother. All of these arguments that you're making go to history and characteristics under 3553A, and Judge Lee thoroughly considered those arguments. And I believe, based on the transcript, that's why he went so far below the guidelines. So substantively unreasonable is something different than just saying, based on these 3553A factors, you should have given me a different sentence. Well, I believe based on the totality of those circumstances, the fact that he did depart and that he did depart significantly, that does not foreclose, I believe, making that argument to say that, based on the totality of what Mr. Rossini presented to the district court at that time and given his extraordinary circumstances, that the district court should have gone even further. And the fact that this court hasn't considered that before, I believe each defendant— I'm sorry. Especially a below-guideline sentence. Well, given the fact that his circumstances were so unique, I believe it warranted a further departure, which I believe under the circumstances, if it was not considered, it would be substantially unreasonable. Because, number one, Mr. Rossini is 74 years old. He'll be 75 in September. How do you respond to the district court's addressing that issue by saying it didn't stop him from going out and committing the fraud when he was that old? That's true. But subsequent to the commission of that fraud, his 93-year-old mother died. He's had a different out-view in life. He's now facing his mortality. And the fact that he was incarcerated during an unprecedented time of a pandemic with all of his medical infirmities. So to say that the court's never done that before, I don't believe the court has ever been presented with these kind of circumstances, coupled with the fact that you have someone who is dealing with a pandemic situation. He's confined. He has family issues. And his health issues prevent him from in any way being a threat to society again. He's basically now a burden to his son, who, if you want to look at some redeeming factors that he has, he has a son who graduated from law school. Mr. Rossini at one point during his life went to Georgetown University Law School for a year. So he could be a productive member of society, given the fact, notwithstanding all of the things that he's done, there's still a hope that he does have redeeming qualities and he can, to some degree, turn whatever the remaining part of his life is around. But he can't do that from a prison cell. And he can't do that with an 11-year sentence, although it was a significant reduction. That's basically a life sentence, given his health considerations. So for that reason, I would say to the court, even though the court has not done that before, the totality of the circumstances do not preclude the court from doing it in this instance, because based on all of those factors involving Mr. Rossini, I believe he was entitled to it and he warrants additional consideration. Unless there are any other questions, I'll stand on my brief. Okay, very well. Thank you, Mr. Butler. You have a couple minutes if the government says something that you want to respond to, you're welcome to. Thank you. Okay, very well. Ms. Chung, good morning. Good morning, Your Honors, and may it please the court. Ashley Chung on behalf of the United States. Here, the District Court committed no error in imposing a below-guideline sentence on Mr. Rossini. As this panel referenced, the District Court considered every argument that defendant raises on his appeal, and as Defendant's Counsel acknowledged today, ultimately most of the issues that are raised on appeal boil down to a grievance with the District Court's credibility finding as to defendant, which is entitled to special deference here, and was entirely supported by the record in this case. Furthermore, the defendant's below-guideline sentence was substantively reasonable. The defendant has not come close to rebutting what is a near irrebuttable presumption here, that the below-guideline sentence is reasonable. The District Court meaningfully and thoroughly considered all of the 3553A factors in arriving at the 132-month sentence, and as this panel also referenced, the District Court explicitly noted the defendant's advanced age and health conditions as well as the potential severity of the sentence it was imposing. Ms. Chung, can I ask you a factual question just to confirm what I think happened? You'll know. Yes, Your Honor. One of the points that Mr. Rossini makes in his brief on page 16 is that the loss amount was determined through an averaging calculation, but that does not seem to align to me with what's actually in the record. And the way I read the record, tell me if I'm wrong, is that at trial the government introduced an exhibit, Exhibit G, and Exhibit G listed the loss amount by investor. So the investors were named, and then there was a corresponding loss amount, and it was the total of the loss amounts listed on Exhibit G that were then reproduced in the PSR that then served as the basis for the loss computation for purposes of the offense level under 2B1.1. That's entirely correct, Your Honor. There was no averaging in this case, and those loss amounts were loss amounts. So these are actual losses for actual victims. Yes, Your Honor, which were determined and supported at trial through testimony from the victims themselves as well as through summary evidence presented by summary witnesses as to bank records and various financial accounts. And that's how we get to the $5.3 million. Yes, Your Honor. That's correct. And so briefly, here there was no error committed by the district court, certainly no clear error in its credibility determination or its factual findings, nor any issue with respect to the substantive reasonableness of the sentence. Unless the panel has any further questions, I respectfully request that this court affirm defendant's sentence. Okay, very well. Thank you, Ms. Chun. Mr. Butler, anything you want to respond to? No, Your Honor. Okay. Thank you very much. Mr. Butler, I see here that you took this case on appointment from the court, correct? Correct. We very much appreciate your service to the court, to the client as well. We'll take the appeal under advisement thanks to the government too.